IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OLIVER A. PENTINMAKI, JR.,                        OPINION AND ORDER

               Plaintiff,

                                            10-cv-326-slc[1]

     v.

Warden DIEDRE MORGAN,
Security Director THELEN, Captain SPROELICH,
Captain BUETTNER, Lt. WINCHELL,
Lt. ALBERTS, Sgt. KELLY, Sgt. HAVENS,
DEBRA LANCE, Dr. JANET WALSH
and Dr. EUGENE WALL,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is the third of five lawsuits that plaintiff Oliver Pentinmaki has filed in this court

within the last few months.  I concluded that his complaint in the first case violated the

Federal Rules of Civil Procedure because he failed to adequately describe his claims, in

violation of  Rule 8, and he seemed to be attempting to include unrelated claims against

different defendants, in violation of Rule 20.  Pentinmaki v. Alberts, No. 10-cv-194-slc, dkt.

---

      [1]  I am assuming jurisdiction over the case for the purpose of this order.

#10.  A proposed amended complaint had the same problems.  Id. at dkt. #16.  Plaintiff responded by further limiting his claims in case no. 10-cv-194-slc and by filing four additional lawsuits.  Ultimately, I allowed plaintiff to proceed in case no. 10-cv-194-slc on an excessive force claim against two defendants.  Id. at dkt. #22.  In the second case, I allowed plaintiff to proceed on two claims, but concluded that other claims in the complaint failed to state a claim upon which relief may be granted.  Case no. 10-cv-325-slc, dkt. #6.  Plaintiff now has two "strikes" under 28 U.S.C. § 1915(g) and George v. Smith, 507 F.3d 605 (7th Cir. 2007).  He received one strike in case no. 10-cv-325-slc and one strike in a case filed last year, case no. 09-cv-718-slc.

Plaintiff has made an initial partial payment of the filing fee as directed by the court under 28 U.S.C. § 1915(b)(1).  Because plaintiff is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A.  Having reviewed his complaint, I conclude that it fails to state a claim upon which relief may be granted.

Like plaintiff's other complaints, this one is difficult to follow.  However, plaintiff seems to be alleging that defendants retaliated against him for filing grievances by "taunting" him and issuing several conduct reports.  In addition, he lists of a string of allegedly

2

retaliatory acts:  being broken mentally by the conditions of confinement; the victim of theft and a concocted conduct report on September 1, 2009 to refuse the Plaintiff's request of segregation as it true function as a last resort refuge while the Plaintiff was made to appear in a negative manner having already been unwilling to be taunted into striking out verbally or physically; denied clothing while being isolated in an intolerably cold and inhumane environment that would leave no telltale marks; coercing the Plaintiff to seek the only available warmth through tap water; forcing the Plaintiff to walk in frigid water mixed with urine due to prostate and bladder medical complications; inflicted with the onset of the life-long affliction of diabetic neuropathy; and denied medical treatment.

Some of these allegedly retaliatory acts are not severe enough to qualify as a constitutional violation, such as the alleged taunting.  DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").  Many of the others are so vague that it is impossible to tell whether they might support a retaliation claim, such as plaintiff's allegation that he was "being broken mentally by the conditions of confinement."

Two problems are common to all the alleged acts of retaliation.  First, it is impossible to tell from plaintiff's allegations what any one defendant did to violate his rights.  He simply groups defendants together without explaining their personal involvement.  I advised plaintiff in the order screening his complaint in case no. 10-cv-194-slc that "[h]e should explain in as much detail as he can who each defendant is and how each defendant was involved in an alleged violation."  Each defendant is entitled to notice of the claims against him.  A plaintiff cannot state a claim by "us[ing] vague phrasing, which does not adequately

3

connect specific defendants to illegal acts." <u>Brooks v. Ross</u>, 578 F.3d 574, 580 (7th Cir. 2009).

A second problem is that plaintiff fails to provide any basis for his belief that defendants had a retaliatory motive for their actions. He simply lists a number of grievances that he filed and follows that with a conclusory allegation that defendants took "retribution" against him. That is insufficient.

For a number of years, a plaintiff could state a claim for retaliation in this circuit simply by identifying the protected conduct and the alleged acts of retaliation. <u>E.g.</u>, <u>Thomson v. Washington</u>, 362 F.3d 969, 970-71 (7th Cir. 2004); <u>Walker v. Thompson</u>, 288 F.3d 1005, 1009 (7th Cir. 2002); <u>Higgs v. Carver</u>, 286 F.3d 437, 439 (7th Cir. 2002). However, under <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), and <u>Bell Atlantic, Inc. v. Twombly</u>, 550 U.S. 544 (2007), plaintiffs may not rely on conclusory allegations; a complaint must include enough "factual context" to state a claim to relief that is "plausible on its face." In particular, "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. Thus, a conclusory allegation will no longer suffice. <u>Riley v. Vilsack</u>, 665 F. Supp. 2d 994, 1004 (W.D. Wis. 2009) ("Although the meaning of 'conclusory' may be ambiguous, the Court made it clear in <u>Iqbal</u> that it is not enough to identify the discriminatory act and the characteristic that prompted the discrimination.")

4

As I stated in the order screening plaintiff's complaint in case no. 10-cv-194-slc, "he must explain *why* he believes his conduct was one of the reasons the defendant or defendants took a particular action against him. It is not enough for plaintiff to include a conclusory allegation that a defendant's 'intent was . . . revenge for the Plaintiff seeking legal recourse against Institution personnel.'"   A useful analogy is Fed. R. Civ. P. 11, which requires a plaintiff to conduct "an inquiry reasonable under the circumstances" before filing a complaint so as to determine whether any claims are supported in the law and whether any "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). "If this standard is used as a guide, it would mean that a complaint should include enough facts to suggest that the plaintiff has reasonable grounds to believe that discovery will lead to evidence that the defendant may be held liable for a particular violation of the law." Riley, 665 F. Supp. 2d at 1006.

Plaintiff's complaint identifies no reason to believe that defendants held retaliatory motives.  Particularly because he is alleging a conspiracy among several different defendants, he must say more to state a claim that is plausible on its face. Cooney v. Rossiter, 583 F.3d 967, 970-71 (7th Cir. 2009)("[C]onspiracy allegations [are] often held to a higher standard than other allegations; mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [is] not enough.")

Plaintiff includes one other claim, which is that defendant Lance "rubber stamped grievances" without doing a proper investigation.  Plaintiff raised the same claim in case no. 10-cv-325-slc and it fails for the same reason.  "[R]uling against a prisoner on an administrative complaint does not cause or contribute to the violation."  <u>George v. Smith</u>, 507 F.3d 605, 609-10 (7th Cir. 2007).

When a plaintiff files a complaint that fails to meet pleading standards, one option is to allow the plaintiff to file an amended complaint that fixes the problems.  However, in this case, plaintiff has had multiple opportunities to comply with Rule 8 and the complaint in this case is no closer to satisfying the federal rules than his previous attempts. Accordingly, I am dismissing the complaint without giving plaintiff leave to replead. <u>Airborne Beepers & Video, Inc. v. AT&T Mobility LLC</u>, 499 F.3d 663, 666-67 (7th Cir. 2007) ("[T]he district court spelled out for [the plaintiff] what deficiencies in the complaint needed to be remedied. [The plaintiff's] failure to fix those shortcomings provides ample grounds for dismissal.")


ORDER

IT IS ORDERED that

1.  Plaintiff Oliver Pentinmaki's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

2.  A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

3.   Plaintiff is obligated to pay the unpaid balance of his filing fees in monthly payments as described in 28 U.S.C. § 1915(b)(2).  The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation under Lucien v.  DeTella, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's trust fund account until the filing fees have been paid in full.

Entered this 19th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

7